## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT E. DOWD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF KERN, et al.,<br><br>　　　　Defendants. | Case No.: 1:12-cv-01063 - LJO - JLT<br><br>ORDER REVOKING PLAINTIFF'S IN FORMA PAUPERIS STATUS AND CERTIFYING PLAINTIFF'S APPEAL IS FRIVOLOUS |

Robert Dowd ("Plaintiff") is proceeding *pro se* in this civil action. On September 12, 2012, the Court dismissed the amended complaint without prejudice for Plaintiff's failure to state a cognizable claim. Plaintiff filed a notice of appeal on October 11, 2012 (Doc. 14), and the Ninth Circuit requested the Court determine "whether in forma pauperis status should continue for this appeal or whether the appeal is frivolous or taken in bad faith." (Doc. 16) (citing 28 U.S.C. § 1915(a)(3); *Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002)). For the following reasons, the Court certifies Plaintiff's appeal is frivolous, and his in forma pauperis status is **REVOKED**.

### I.　Legal Standard

Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one, and good faith is demonstrated by when an individual "seeks appellate review of any issue not frivolous." *See Coppedge v. United States*, 369 U.S. 438, 445 (1962).

For purposes of 28 U.S.C. § 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

## II.     Discussion and Analysis

Plaintiff seeks to appeal the District Court's decision to dismiss the amended complaint "because he was denied due process of law and equal protection of the law by virtue of the fact that he had only one opportunity to amend and his case was dismissed without oral argument." (Doc. 12 at 2). In addition, Plaintiff contends "the Court ruled incorrectly" in finding that Plaintiff could not take this matter to a jury.

Significantly, Plaintiff was granted an opportunity to amend his complaint and was given specific instruction explaining why his complaint was defective. (Doc. 4)  He filed his First Amended Complaint which the Court screened and found that Plaintiff failed to address the deficiencies noted by the Court. (Doc. 8)  He was given the opportunity to object to the Findings and Recommendations that his amended complaint be dismissed for failure to state a cognizable claim, and did so. (Doc. 9)  Accordingly, though the Court did not hold a hearing, Plaintiff had an opportunity to be heard.

As Plaintiff notes, he was given the opportunity to amend his complaint prior to the Court's dismissal of the action.  Where it is obvious the plaintiff cannot prevail on the facts alleged and further amendments would be futile, dismissal for failure to state a claim is proper.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).  Reviewing the factual allegations in Plaintiff's amended complaint, the Court found Plaintiff again failed to state facts supporting his claims of a conspiracy or that his constitutional rights were violated which demonstrated his inability to do so.[1]  (Doc. 8 at 5-8).  In addition, the Court determined it lacked jurisdiction under the *Rooker/*Feldman doctrine to review the decision of the state court to suspend Plaintiff from the practice of law. (Doc. 8 at 8-10; Doc. 10 at 5). Finally, the Court found Plaintiff was barred by *Heck v. Humprhey,* 512 U.S. 477, 486-87 (1994), from challenging the lawfulness of his arrest given that he had been convicted of the offenses and had not demonstrated that his convictions had been set aside. (Doc. 8 at 8-10; Doc. 10 at 5).   Therefore, the

---

[1] Plaintiff had been an attorney for many years.  Thus, it is particularly noteworthy that, when given explicit instruction by the Court as to what was needed to state a claim of a conspiracy or that his constitutional rights had been violated, Plaintiff failed to plead facts that would support these claims.

Court found Plaintiff failed to state cognizable claims, and further amendment was futile. *Id.*

### III. Conclusion and Order

As discussed above, Plaintiff failed to state cognizable claims upon which relief could be granted by the Court. Plaintiff's appeal is frivolous because it "lacks any arguable basis in law or fact." *See Neitzke*, 490 U.S. at 325. Thus, the Court certifies that Plaintiff's appeal is frivolous and not taken in good faith.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's in forma pauperis status is **REVOKED**;
2. The Clerk of Court is DIRECTED to notify the Ninth Circuit Court of Appeals that the Court certifies, pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure, that Plaintiff's appeal is frivolous and not taken in good faith.

IT IS SO ORDERED.

Dated:   **October 16, 2012**            **/s/ Jennifer L. Thurston**
                                         UNITED STATES MAGISTRATE JUDGE